# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

EUSEBIO IKE DEVARGAS,

    Plaintiff,

v.                                  No. 21-cv-0762 DHU-KBM

UNITED STATES,
STATE OF NEW MEXICO,

    Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Plaintiff Eusebio Ike Devargas' Prisoner Civil Complaint (Doc. 1) (Complaint).  Also before the Court are his motions to waive fees, enter evidence, and "persist" with this case (Docs. 8, 11, 14, 22, 26).  Plaintiff is proceeding *pro se* and *in forma pauperis*.  Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court finds the requested relief is barred as a matter of law and will dismiss the Complaint.

## BACKGROUND

Plaintiff is incarcerated at the Cibola County Correctional Institution (CCCI).  The Complaint alleges "18,000 state elected officials in New Mexico [are] without surety bonds," and such defect constitutes racketeering, treason, fraud, and an attempt to overthrow the government.  *See* Doc. 1 at 3.  The Complaint further alleges Defendants United States and the State of New Mexico "join[ed] the conspiracy" and "committed … treason" by "not prosecuting the elected officials" with defective bonds.  *Id.* at 1.  Plaintiff asks the Court to: (1) order 18,000 state officials to resign; (2) require Defendants to prosecute crimes against the United States and "seek the death penalty for" the "State of New Mexico Finance Board Officers;" and (3) award $25 million in damages.  *Id.* at 2-3.  Plaintiff also warns that if this case does not result in a settlement

offer, he may seize assets "as allowed by [the] executive order signed … by Donald J. Trump." *Id.* at 2.

After filing the Complaint, Plaintiff expanded on his factual allegations in two Motions to Enter Evidence. *See* Docs. 11, and 14. He alleges the Bernalillo County Sheriff never "entered his office lawfully, so he has no jurisdiction to deputize anyone." Doc. 14 at 4. Consequently, Plaintiff believes the sheriff deputies who arrested him were "impersonating an officer." *Id.* Plaintiff further alleges the deputies were not required to pay a bond, which violates his constitutional rights. *Id.* at 5. He submitted the State's response to his public records request, which reflects that "only the Sheriff has a bond. Other employees at [Bernalillo County Sheriff's Office] do not, including Deputy Sheriffs." Doc. 11 at 3. In his supplemental Motions to Enter Evidence, Plaintiff asks the Court to release him from custody and vacate his federal conviction for felon in possession of a firearm. *See* Docs. 11, 14. Plaintiff obtained leave to proceed *in forma pauperis*, and the matter is ready for *sua sponte* review.

## STANDARD OF REVIEW

The Court has discretion to dismiss an *in forma pauperis* complaint at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements."  *Id.*  However, "it is not the proper function of the Court to assume the role of advocate for a *pro se* litigant."  *Id.* at 1110.  The Court cannot "supply additional facts, [or] construct a legal theory for [the plaintiff] that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

## DISCUSSION

### A.  Plaintiff's Procedural Motions Will be Granted, In Part

After submitting the Complaint, Plaintiff filed two Motions to Enter Evidence, A Motion to Waive Fees, and two Motions to Persist.  The Court will grant Plaintiff's Motions to Enter Evidence (Docs. 11, 14), to the extent he expands on his factual allegations.   However, the Court will not consider documentary evidence at this stage, nor are the proffered documents (records requests) dispositive with respect to dismissal.  *Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) ("The usual rule is 'that a court should consider no evidence beyond the pleadings" when considering dismissal under Rule 12(b)(6), unless the documents are central to the claims).  The Court will also grant Plaintiff's Motions to Persist (Docs. 22, 26), which simply

indicate an intention to prosecute this case.  Plaintiff's Motion to Waive Fees (Doc. 8) will be denied as moot, as he already paid the initial partial filing fee.

      B.  <u>The Complaint Fails to State a Cognizable Claim</u>

      The crux of Plaintiff's Complaint is that over 18,000 New Mexico officials violated N.M.S.A. 10-2-1, et. seq. (the State Bond Act) and four federal statutes imposing criminal penalties, including 18 U.S.C. § 1031 (major fraud against the US); 18 U.S.C. § 1962 (racketeering); 18 U.S.C. 2381 (treason); and 18 U.S.C. § 2385 (advocating government overthrow).  The Complaint does not survive initial review, for numerous reasons.  First, Plaintiff fails to set out a short and plain statement of the grounds for relief.  *See* Fed. R. Civ. P. 8(a) (setting out notice pleading standards); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (a complaint must "explain what each defendant did to [Plaintiff] ...; when the defendant did it; how the defendant's action harmed him ...; and what specific legal right the plaintiff believes the defendant violated").  Plaintiff raises different theories in at least four filings and raises generalized "against every conceivable defendant" in the state and federal government.  *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012) (unpublished); *see also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading.").  The Complaint, as supplemented, is therefore subject to dismissal under Rule 8(a).  *See Fletcher v. Raemisch*, 768 Fed. App'x 825, 826 (10th Cir. 2019) ("If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice ….").

      To the extent the claims are discernable, they are frivolous.  Plaintiff believes 18,000 state

officials are attempting to overthrow the government, and that individuals are impersonating police officers, based solely on the alleged failure to comply with a statutory bond requirement.   These theories "lack[] an arguable basis either in law or in fact."   *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (setting forth the standard for dismissing frivolous claims under 28 U.S.C. § 1915(e)). The Complaint, as supplemented, may be dismissed as frivolous.

Moreover, even if state officials did fail to perfect their oath of office, such failure does not strip an official of their authority in the State of New Mexico.   A tax protestor raised a similar claim in *Stockton v. N.M. Tax'n & Revenue Dep't*, 161 P.3d 905, 910 (N.M. App. 2007).   The New Mexico Court of Appeals held that "even if [the] hearing officer was required to swear an oath of office and/or obtain a bond, we are not convinced that her failure to do so would result in Taxpayers' escaping liability" or invalidate the result.   *Id.   Stockton* relied on the general rule that "[o]ne duly appointed ... to an office but who is in law disqualified to act, such as one who has failed to take the required oath or to execute a bond within the time prescribed, is at least a de facto officer in that his or her acts are valid as to the public."   *Id.* (quotations omitted).   The Tenth Circuit also rejected a federal claim against state officials "who fail[ed] to file their oaths of office," and clarified such officials "are not stripped of their authority" to act.   *Jimenez v. Fourth Jud. Dist. Attorney's Off.*, 663 Fed. App'x 584, 587 (10th Cir. 2016) (relying on Colorado law, which is the same as New Mexico law).   *Cf Irons v. Estep,* 291 Fed. App'x 136, 138 (10th Cir. 2008) (rejecting claim for tolling relief based on allegation that state officials failed to "file[] their oaths of office with the … Secretary of State").   Thus, even if a New Mexico official is not in compliance with the State Bond Act, such official does not commit treason, fraud, racketeering, or sedition by continuing to carry out his or her duties.   And even if those officials somehow did violate the

federal criminal laws Plaintiff appears to reference - 18 U.S.C. §§ 1031, 1962, 2381, or 2385 - he cannot seek relief on that basis. "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986). Plaintiff therefore fails to state any cognizable claim for damages or injunctive relief based on the failure to perfect the oath of office/bond requirements.

Finally, to the extent Plaintiff asks the Court to release him from custody or vacate his federal conviction for felon in possession of a firearm, such relief is not cognizable in this civil proceeding.[1]  If Plaintiff wishes to challenge his federal convictions, he must file a habeas corpus proceeding under 28 U.S.C. § 2255.  *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil … action attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.") (quotations omitted).

Based on the foregoing, the Court will dismiss Plaintiff's Complaint as frivolous, for failure state a cognizable claim, and for violation of Rule 8(a).  *Pro se* prisoners are often given an opportunity to remedy defects in their pleadings.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, courts need not *sua sponte* invite an amendment when any amended complaint would also be subject to dismissal under Fed. R. Civ. P. 12(b)(6).  *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).   An amendment would be futile here for all the reasons

---

[1]  In a supplemental filing, Plaintiff requests an immediate release from custody based on inadequate access to a law library or photocopier.  *See* Doc. 4.  He argues such relief is necessary to "build a compelling case" and attaches a counseled motion appealing his pretrial detention order.  *Id.* at 2-3.  Because the supplemental filing only seeks a release from custody, the Court declines to construe it as a separate civil claim regarding library access.

above.   The Court will therefore enter a dismissal with prejudice.

      **IT IS ORDERED** that Plaintiff's Motions to Enter Evidence (**Docs. 11, 14**) are **GRANTED**, **in part**, as set forth above; Plaintiff's Motions to Persist (**Docs. 22, 26**) are **GRANTED**; and Plaintiff's Motion to Waive Fees (**Doc. 8**) is **DENIED as moot.**

      **IT IS FURTHER ORDERED** that Plaintiff's Civil Complaint (**Doc. 1,** supplemented by **Docs. 11, 14**) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 8(a); and the Court will enter a separate judgment closing the case.

_____
UNITED STATES DISTRICT JUDGE